UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN FRANKLIN BUERMAN, SR. and JANE BUERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY J. WITKOWSKI, and NEW PENN MOTOR EXPRESS LLC f/k/a NEW PENN MOTOR EXPRESS, INC.,<br><br>Defendants. | C.A. No. 1:17-CV-00444-MSM-LDA |
| ANTHONY J. WITKOWSKI, and NEW PENN MOTOR EXPRESS LLC, as successor in interest to NEW PENN MOTOR EXPRESS, INC.,<br><br>Plaintiffs-in-Counterclaim,<br><br>v.<br><br>JOHN FRANKLIN BUERMAN, SR.,<br><br>Defendant-in-Counterclaim. | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the Motion for Partial Summary Judgment of the plaintiff/defendant-in-counterclaim, John Franklin Buerman, Sr. ("Buerman"), and the Objection of the defendants/plaintiffs-in-counterclaim, Anthony J. Witkowski ("Witkowski") and New Penn Motor Express LLC ("New Penn")

1

(collectively "the defendants"). (ECF Nos. 24 & 28.)

The issue is whether Witkowski and New Penn's amended Counterclaim, filed after the expiry of the relevant statute of limitations, can, under Fed. R. Civ. P. 15(c), relate back to the timely filed original Counterclaim. The Court determines that the amended Counterclaim does so relate back and, for the reasons that follow, Buerman's Motion for Partial Summary Judgment is DENIED.

## I. BACKGROUND

This matter arises from a collision between two tractor trailer vehicles on Route 6 in Foster, Rhode Island, on October 21, 2014. (ECF No. 1-1.) Buerman, the driver of one of the vehicles, filed suit in Rhode Island Superior Court on August 28, 2017. *Id.* He has asserted that he sustained personal injuries as a result of the alleged negligence of the driver of the other vehicle, Witkowski. Further, he has asserted Witkowski's employer and the owner of the vehicle, New Penn, also is liable for Witkowski's acts or omissions pursuant to R.I.G.L. § 31-33-6.[1] *Id.*

The defendants, Witkowski and New Penn, removed the matter to this Court on September 27, 2017, pursuant to the diversity jurisdiction clause of 28 U.S.C. § 1332. (ECF No. 1.) On October 18, 2017, the defendants filed their Answer to the plaintiffs' Complaint and asserted a Counterclaim against Buerman. (ECF No. 4.) Through the Counterclaim, the defendants have alleged that Buerman's negligence caused the accident and that therefore New Penn is entitled to the damages allegedly

---

[1] Rhode Island General Laws § 31-33-6 is the state's "owner-liability statute," which provides that an automobile owner is vicariously liable for the acts of a driver operating the vehicle with the owner's consent.

2

caused to its vehicle. *Id.* Specifically, the defendants have alleged that Buerman operated his truck with no lights, or insufficient lights, in a dark environment. *Id.*

On October 31, 2017, the defendants filed an amended Counterclaim, adding to their asserted damages a prayer for recovery of the workers' compensation benefits that New Penn paid to Witkowski for injuries he allegedly sustained as a result of the collision.[2] (ECF No. 7.)

Buerman now seeks partial summary judgment on the defendants' amended Counterclaim as it relates to New Penn's claim for reimbursement of Witkowski's workers' compensation benefits. As grounds, Buerman asserts that the defendants filed the amended Counterclaim after the passing of the relevant statute of limitations. The parties do not dispute that the statute of limitations expired on October 21, 2017. The defendants in turn argue that the amended Counterclaim should relate back the original Counterclaim pursuant to Fed. R. Civ. P. 15(c).

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is only proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doe v. Trustees of Boston College*, 892 F.3d 67, 79 (1st Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences

---

[2] New Penn makes this claim pursuant to R.I.G.L. § 28-35-58, which provides that if an employee has been paid workers' compensation benefits, "the person by whom the compensation was paid shall be entitled to indemnity from the person liable to pay damages, and to the extent of that indemnity shall be subrogated to the rights of the employee to recover those damages."

3

in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club,* 218 F.3d 1, 5 (1st Cir. 2000) (citing *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 672 (1st Cir. 1996)). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." *Coyne v. Taber Partners I,* 53 F.3d 454, 460 (1st Cir. 1995).

### III. DISCUSSION

#### A. The Relevant Statute of Limitations

As this matter is before the Court subject to diversity jurisdiction, the Court applies state substantive law. *See Crellin Techs, Inc. v. Equipmentlease Corp.,* 18 F.3d 1, 4 (1st Cir. 1994). Here, the parties do not dispute that it is Rhode Island's substantive law which governs and the Court will not disturb this choice. *See Moores v. Greenberg,* 834 F.2d 1105, 1107 n.2 (1st Cir. 1987).

"State statutes of limitations have been uniformly held to be substantive in nature, rather than procedural." *Waters v. Walt Disney World Co.,* 237 F. Supp. 2d 162, 165 (D.R.I. 2002) (citing *Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 110 (1945)). For personal injury actions under Rhode Island law, the statute of limitations is three years. R.I.G.L. § 9-1-14(b) ("Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after ...."). Rhode Island law further provides that a cause of action for personal injuries resulting from a motor vehicle accident accrues on the date of the accident. *Benner v. J.H. Lynch & Sons, Inc.,* 641 A.2d 332, 336 (R.I. 1994);

4

*Von Villas v. Williams*, 117 R.I. 309, 313-14, 366 A.2d 545, 548 (1976).

Here, because the accident occurred on October 21, 2014, and the cause of action accrued on that date, the three-year statute of limitations expired on October 21, 2017. Thus, there is no question that the amended Counterclaim, filed on October 31, 2017, was filed after the expiry of the statute of limitations. Only if the amended Counterclaim can relate back to the filing of the original Counterclaim (October 18, 2017) will it survive summary judgment.

B. Relation Back Under Fed. R. Civ. P. 15(c)

The question of whether the amended Counterclaim relates back to the date of the filing of the original Counterclaim is a procedural question and therefore is decided by federal law. *See Morel v. DaimlerChrysler AG*, 565 F.3d 20, 25 (1st Cir. 2009). Rule 15 of the Federal Rules of Civil Procedure provides in relevant part as follows:

> (c) Relation Back of Amendments.
>
> > (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> > ...
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading....

Courts liberally apply the Rule 15(c) relation back doctrine. *See, e.g., Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996); *Fed. Deposit Ins. Corp. v. Bennett*, 898 F.2d 477, 480 (5th Cir. 1990); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); *Staren v. Am. Nat. Bank & Trust of Chicago*, 529 F.3d 1257, 1263 (7th Cir. 1976); *Gold v. Poccia*,

2018 WL 4521940, at *2 (D.R.I. Sept. 21, 2018).

As noted, Rule 15(c)(1)(B) provides that an amended pleading relates back to the original pleading when it asserts claims based upon the "conduct, transaction, or occurrence," described in the original pleading. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005); *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580-81 (1945). Indeed, the U.S. Supreme Court has interpreted Rule 15(c)(1)(B) to "depend[] on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 646. "A common core of operative facts exists if 'the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.'" *Tenon v. Dreibelbis*, 190 F. Supp. 3d 412, 416 (M.D. Pa. 2016) (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). A party cannot assert a new claim that would otherwise be untimely if the new claim "[is] supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

Yet, the addition of some facts in an amended pleading does not necessarily preclude a finding of relation back if the facts remain based upon the same "occurrence." *See Tiller*, 323 U.S. at 580-81 (allowing an amended pleading adding a statutory claim to a wrongful death action to relate back, despite relying on facts not originally asserted, because the amended claim was based upon the same, single occurrence). However, if the new facts added involve an occurrence not discernable in the original complaint—"facts that differ in both time and type"—the amendment will not relate back. *Mayle*, 545 U.S. at 650. *See also F.D.I.C. v. Conner*, 20 F.3d

6

1376, 1385 (5th Cir. 1994) ("If a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed."); *O'Loughlin v. National R.R. Passenger Corp.*, 928 F.2d 24, 26-27 (1st Cir. 1991) (holding that an amended complaint did not relate back when the plaintiff's amendment sought relief for a different accident than that set forth in the original complaint).

Indeed, "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984). Because the critical issue is whether the opposing party received adequate notice, the principal inquiry is whether "the matters raised in the amended pleading [have] been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (citations omitted); *see also Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008) ("The underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint."); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Procedure § 1497 ("[I]f the alteration of the original pleading is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim ... then the amendment will not relate back.").

Therefore, courts allow amended pleadings asserting new legal theories of recovery to relate back to the original filing where both pleadings share a basis in factual circumstances (a "common core of operative facts"). *See, e.g., Tiller*, 323 U.S. at 580-81; *Travelers Ins. Co. v. Third Assocs.*, 14 F.3d 114, 125 (2d Cir. 1994); *Johansen v. E.I. DuPont de Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987); *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982).

Moreover, amended pleadings that do not add a new cause of action, but instead include an additional claim for damages based on the same occurrence set forth in the original pleading, may also relate back. *See, e.g., Conner*, 20 F.3d at 1386 (holding that an amendment "to identify additional sources of damages that were caused by the same pattern of conduct identified in the additional complaint" related back to the original pleading); *Belmont Commons, LLC v. Axis Surplus, Ins. Co.*, 569 F. Supp. 2d 637, 644 (E.D. La. 2008); *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 887 (S.D. Ohio 2003).

Here, the "conduct, transaction, or occurrence" alleged in the original Counterclaim is the motor-vehicle accident between Buerman and Witkowski. *See* Fed. R. Civ. P. 15(c)(1)(B). The facts that the defendants have alleged regarding that occurrence, namely that it was caused by Buerman's operation of his truck with no lights or insufficient lights in a dark environment, is the "common core of operative facts" uniting both the original and amended Counterclaims. *See Mayle*, 545 U.S. at 646. From these facts, the defendants put forth a negligence cause of action against Buerman.

In the amended Counterclaim, the defendants do not go so far as to assert a new legal theory; instead, they expand their claim for damages within their negligence claim. That is, the defendants asserted in the original Counterclaim a negligence cause of action whereby New Penn sought compensation for alleged property damages to the vehicle that Witkowski was driving at the time of the accident. In their amended Counterclaim, New Penn adds to its negligence count a claim for compensation for the workers' compensation benefits it paid to Witkowski for the injury to his person.

Certainly, adequate notice of the conduct or occurrence giving rise to the defendants' amended Counterclaim (the accident) was provided to Buerman in the original Counterclaim. Further, a factual nexus exists between the amended and original pleadings: the same accident gave rise to both the alleged property damage and the personal injury. *See Mayle*, 545 U.S. at 664 ("So long as the original and amended [pleadings] state claims that are tied to a common core of operative facts, relation back will be in order.").

Because the amended Counterclaim arises from the same "conduct, transaction, or occurrence" set out in the original Counterclaim and both pleadings depend upon "a common core of operative facts," Buerman received adequate notice prior to the expiry of the statute of limitations of the basis of liability upon which the defendants proceed. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 664. As such, Rule 15(c)(1)(B) requires that the amended Counterclaim relate back to the date of filing of the original Counterclaim.

## IV. CONCLUSION

Because the amended Counterclaim relates back to the original Counterclaim per Rule 15(c)(1)(B), it is not barred by Rhode Island's statute of limitations for actions arising from personal injury. Buerman's Motion for Partial Summary Judgment (ECF No. 24) is therefore DENIED.

IT IS SO ORDERED.

_/s/ Mary S. McElroy_
Mary S. McElroy
United States District Judge
March 6, 2020